IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

BENJAMIN W. TEETERS,

    Plaintiff,

vs.

DAKOTA, MINNESOTA & EASTERN
RAILROAD CORPORATION, d/b/a
CANADIAN PACIFIC,

    Defendant.

No. _____

**COMPLAINT AND JURY DEMAND**

Comes now the plaintiff, Benjamin W. Teeters, and for his cause of action against Defendant, Dakota, Minnesota & Eastern Railroad Corporation, d/b/a/Canadian Pacific Railway ("DM&E"), states and alleges as follows:

1. The jurisdiction and venue of the above-named Court is based upon specific jurisdiction and 45 U.S.C. § 56.

2. Plaintiff brings his claim under and pursuant to the terms of the Federal Employers' Liability Act, 45 U.S.C. §§51-62.

3. At all times material herein, Defendant, DM&E, owned and operated various railroad tracks in the County of Scott, State of Iowa, and other locations in Iowa and other states, and was and is engaged as a common carrier in interstate commerce.

4. At all times material herein, Defendant employed Plaintiff, and at the time of the occurrence of the incident herein, all or part of Plaintiff's duties were in the furtherance of Defendant's business in interstate commerce.

5. On the 8$^h$ day of April, 2020, at approximately 11:00 a.m., Plaintiff was in the course and scope of his employment working as an assistant signal maintainer. Plaintiff was

assisting his crew in manually pulling signal wires through the bore pipes under several tracks near a road intersection. To access the bore pipes and the wires that ran under the tracks, trenches had been dug alongside the tracks. The trenches were approximately 5 feet by 7 feet and 3 feet deep.

6. It had been raining most of the morning and the trench Plaintiff was working in had filled with water to a depth of several inches.

7. Plaintiff and his crew were not provided a pump to empty the water. They were not provided anything to stand on to keep out of the mud and water.

8. As Plaintiff was trying to get out of one trench to move to another, his left foot became stuck in the mud, and as Plaintiff tried to pull his foot out of the mud he felt a pop in his left ankle.

9. The next morning Plaintiff's ankle was swollen and painful. He reported the circumstances of his injury to his supervisor and was taken immediately for medical treatment.

10. Plaintiff was diagnosed with the following condition in his left ankle:

    (a) Left posterior tibial tendon dysfunction, which required surgery on November 5, 2020, consisting of:

        (1) left posterior tibial tendon debridement

        (2) flexor digitorum longus transfer

        (3) spring ligament imbrication repair

        (4) medializing calcaneal osteotomy

        (5) application of short-leg split

        (6) intraoperative use of fluoroscopy.

11. At all times pertinent, Defendant had the duty to exercise ordinary care to provide Plaintiff a reasonably safe place to work, in among other ways:

    (a) the duty to implement, enforce, and oversee reasonably safe methods and procedures for the performance of his work;

    (b) the duty to provide Plaintiff adequate time and assistance to complete his work;

    (c) the duty to provide Plaintiff adequate assistance, human and mechanical, to perform his work; and

    (d) the duty to provide adequate tools and equipment to perform his work.

12. At all times pertinent, Defendant, through its agents, servants, and employees other than Plaintiff, negligently breached the aforesaid duties.

13. The injuries and damages sustained by Plaintiff were caused by the negligence of Defendant, in violation of the Federal Employers' Liability Act, 45 U.S.C. §51.

14. As a result of Defendant's negligence, Plaintiff has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and has suffered loss of his enjoyment of life, all to his injury and damage.

WHEREFORE, Plaintiff, Benjamin W. Teeters, prays judgment against Defendant, DM&E, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the losses and damages, together with his costs and disbursements.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted this 3rd day of April, 2023.

By: s/Kevin L. Halligan
    Kevin L. Halligan, Esq.
    Bush, Motto, Creen, Koury & Halligan, PLC
    5505 Victoria Ave., Suite 100
    Davenport, IA 52807
    (563) 344-4900
    klhalligan@bmcklaw.com